**Benjamin R. Trachtman, Esq. [SBN 137458]**
ben@trachtmanlaw.com
**Kevin L. Henderson, Esq. [SBN 150434]**
kevin@trachtmanlaw.com
**TRACHTMAN & MOTU LLP**
19732 MacArthur Blvd., Suite 100
Irvine, CA  92612
Telephone:  (949) 282-0100
Facsimile:  (949) 282-0111

Attorneys for Defendant, U.S. Bank National Association (erroneously sued and served as U.S. BANCORP)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| MOISES VILLALOBOS,<br><br>          Plaintiff,<br><br>     vs.<br><br>U.S. BANCORP; and DOES 1 to 10,<br><br>          Defendants. | **CASE NO.: 2:24-cv-10275-AB-JPR**<br><br>**THIRD-PARTY COMPLAINT BY U.S. BANK NATIONAL ASSOCIATION**<br><br>**COMPLAINT FILED:**  11/27/24<br>**TRIAL DATE:**          None |
| U.S. BANK NATIONAL ASSOCIATION,<br><br>          Third-Party Plaintiff,<br><br>     vs.<br><br>VALLEY CENTRAL, LP; and ROES 1 through 20, inclusive,<br><br>          Third-Party Defendants. | |

Defendant U.S. BANK NATIONAL ASSOCIATION ("Third-Party Plaintiff" or "USBNA"), by and through its counsel, Trachtman & Motu LLP, for its Third-Party Complaint against VALLEY CENTRAL, LP, alleges on knowledge, as to itself and its conduct, and upon information and belief as to all other matters, as follows:

## PARTIES

1. Third-Party Plaintiff U.S. BANK NATIONAL ASSOCIATION is, and at all times mentioned herein was, a Delaware corporation with its principal place of business in Minnesota.

2. Based upon information and belief, Third-Party Defendant VALLEY CENTRAL, LP is, and at all times mentioned herein was, a California Limited Partnership, doing business in California.

3. Based upon information and belief, Third-Party Defendant VALLEY CENTRAL, LP owned, possess, controlled, and/or managed the real property located at or about, 44401 Valley Central Way, Lancaster, California, in August 2024.

4. The true names and capacities of Third-Party Defendants ROES 1 through 20, inclusive, are unknown to USBNA who therefore sues such Third-Party Defendants by such fictitious names pursuant to the provisions of California *Code of Civil Procedure* § 464. USBNA is informed and believes and on that basis alleges that each of the Third-Party Defendants designated herein as a ROE are in some way liable, responsible, or indebted to USBNA in connection with the events and/or incidents referred to in this Third-Party Complaint.

5. USBNA is informed and believes and based thereon alleges that at all times herein mentioned each of the Third-Party Defendants was the agent, employee, successor in interest and joint venturer of each of the remaining Third-Party Defendants and was acting within the course and scope of said agency, succession, employment and pursuant to said joint venture.

6. USBNA is informed and believes and based thereon alleges that Plaintiff MOISES VILLALOBOS, herein filed a Complaint in the United States District Court for the Central District of California against USBNA. For information purposes only, and solely for the purpose of reiterating the issues herein, USBNA refers to the Complaint filed in the above-entitled action arising from these underlying facts, and by this reference incorporates herein each and every allegation contained in the Complaint with the same force and effect as if repeated and set forth herein at length and in full.

## JURISDICTION AND VENUE

7. To the extent this court has jurisdiction over the Complaint, this Court has ancillary jurisdiction to hear the claims in this Counterclaim as said claims are substantially related to the claims in the Complaint and arise out of the same operative facts. This Court has jurisdiction over this Third-Party Complaint and the parties under 28 U.S.C. §§ 1331 and 1343, and Fed. R. of Civ. Proc. 13.

8. Venue is proper in this district under 8 U.S.C. § 1391(b), (c) because the events or omissions giving rise to the claim occurred here and the subject property is situated here.

## SUMMARY OF UNDERLYING COMPLAINT

9. On November 27, 2024 Plaintiff MOISES VILLALOBOS ("Plaintiff") filed an action in the United States District Court for the Central District of California, (Case No. 2:24-cv-10275-AB-JPR) entitled "MOISES VILLALOBOS, Plaintiff, v. U.S. BANCORP.; and DOES 1-10, Defendants" (sometimes referred to as the "Complaint").

10. The Complaint alleges claims for violations of the Americans with Disabilities Act of 1990 ("ADA"), violations of the California Unruh Civil Rights Act, violations of the California Disabled Persons Act, California Health & Safety Code, and Negligence. Plaintiff prays for the recovery of injunctive relief, damages under the Unruh Civil Rights Act, and reasonable attorney's fees,

1 | litigation expenses and costs of suit.

2 |     11.    The Complaint alleges in part the following: Plaintiff, who suffers physical disabilities, visited the U.S. Bank branch located at 44401 Valley Central Way, Lancaster, California in August 2024 to conduct banking business when he allegedly encountered three barriers: (1) parking space that failed to post the required sign, "Van Accessible"; (2) parking spaces that failed to provide proper van accessible space, designated for persons with disabilities, with minimum required width measurement; and (3) parking space designated for persons with disabilities that failed to provide an access aisle with level surface slope, as there was a permanent ramp installed within the boundaries of the van accessible aisle.

    12.    Service of the Summons and Complaint upon USBNA was made on or about December 16, 2024.

    13.    USBNA filed an Answer to Plaintiff's Complaint herein, on February 5, 2025, specifically denying liability of any kind in connection with the matters alleged in said Complaint. USBNA hereby refers to its Answer to the Complaint filed herein, and by this reference incorporates herein each and every allegation, denial, and special affirmative defense contained in said Answer to Complaint, and incorporates the same herein with the same force and effect as if repeated and set forth herein at length and in full.

    14.    USBNA is informed and believes and based thereon alleges that the Complaint on file in the above-entitled action seeks damages arising out of an alleged incidents which occurred in August 2024. USBNA is informed and believes and thereon alleges that Third-Party Defendants, and each of them, were responsible and/or liable, for the violations alleged in Plaintiff's Complaint.

    15.    Pursuant to the Declaration of Restrictions and Grant of Easements for Valley Central Community Center ("Declaration of Restrictions") entered into on or about August 16, 1989, VALLEY CENTRAL, LP was responsible for and performed all Common Area Maintenance which encompassed maintenance,

**THIRD-PARTY COMPLAINT BY U.S. BANK NATIONAL ASSOCIATION**

operation, repair, replacement of all common areas and common area improvements including, but not limited, to:

    a. "Maintenance, repair and replacement of all Common Area surface areas and sidewalks in a level, smooth, and evenly covered manner with the type of surfacing material originally installed, or with substitute material of equal quality, appearance, and durability" pursuant to Paragraph 1.10(a) of the Declaration of Restrictions.

    b. "Painting and repainting of Common Area striping, markers, directional signs, etc., as necessary to maintain the same in first-class condition" pursuant to Paragraph 1.10(e) of the Declaration of Restrictions.

    c. "Maintaining insurance on the Common Area as provided in Section 7.2 hereof" pursuant to Paragraph 1.10(k) of the Declaration of Restrictions.

16. USBNA through its third-party administrator has had communication with VALLEY CENTRAL, LP which has denied responsibility for the foregoing.

## FIRST CLAIM FOR RELIEF

**(Breach of Contract against All Third-Party Defendants)**

17. U.S. BANK NATIONAL ASSOCIATION repeats and incorporates herein by reference, as though fully set forth, Paragraphs 1 through 16 of its Third-Party Complaint.

18. The Declaration of Restrictions provides that the operator VALLEY CENTRAL, LP, will maintain insurance on the Common Area. More specifically, it provides that:

    "As a part of the Common Area Maintenance, the Operator shall obtain and maintain or cause to be obtained and maintained general public liability insurance insuring the Operator and the owners, occupants and Mortgagee of Sites or Building Areas within the

Shopping Center as their respective interests may appear (provided that the Operator shall not be responsible for insuring any interest or Owner, Occupant or Mortgagee hereunder unless and until the Operator is notified in writing of such interest), against claims for personal injury, death or property damage occurring in, upon or about the Common Area, including contractual liability." [Paragraph 2.4 of the Declaration of Restrictions.]

19. As a direct, proximate and foreseeable result of VALLEY CENTRAL, LP's breaches, USBNA has been forced to incur attorney's fees, court costs, and other expenses in connection with the Complaint and this Third-Party Complaint, and may in the future be forced to incur additional liability, expenses and fees by reason of settlement or judgment.

## SECOND CLAIM FOR RELIEF

### (Equitable Indemnity against All Third-Party Defendants)

20. USBNA repeats and incorporates herein by reference, as though fully set forth, Paragraphs 1 through 16 of its Third-Party Complaint.

21. Plaintiff in the main action herein has filed a Complaint against USBNA based on alleged violations of the ADA, Unruh Civil Rights Act, Disabled Persons Act, Health & Safety Code, and Negligence. USBNA, via its Answer concurrently filed herewith, denies liability for Plaintiff's allegations. However, in the event that Plaintiff's allegations ultimately have any validity, any such damages were caused and/or contributed to by the acts, omissions, negligence, strict liability and conduct of Third-Party Defendants and each of them.

22. USBNA is informed and believes and based thereon alleges that Third-Party Defendants, and each of them, breached primary duties of care and were actively negligent, strictly liable, etc., in the matters of which Plaintiff complains and were otherwise responsible and legally and/or proximately caused

Plaintiff's alleged injuries and damages. USBNA is further informed and believes and upon that basis alleges that Plaintiff's damages, if any, were legally and/or proximately caused by acts, omissions, conduct and negligence of Third-Party Defendants, and each of them.

23. By reason of the above facts, USBNA is entitled to judgment over and against Third-Party Defendants and each of them, for its cost of investigation and attorney's fees. Further, if Plaintiff recovers against USBNA, or if USBNA makes any settlement to buy its peace, USBNA is entitled to a judgment over and against Third-Party Defendants and each of them, for all sums it may pay by reason of said settlement or judgment.

## THIRD CLAIM FOR RELIEF

**(Comparative Partial/Implied Indemnity/Contribution**

**Against All Third-Party Defendants)**

24. USBNA repeats and incorporates herein by reference, as though fully set forth, Paragraphs 1 through 16 of its Third-Party Complaint.

25. USBNA has denied and continues to deny that it is in any way responsible for, negligent or strictly liable regarding the allegations in Plaintiff's Complaint. Further, USBNA is informed and believes and upon that basis alleges that Third-Party Defendants, and each of them, have breached primary duties of care and were actively negligent, strictly liable, etc., concerning the matters of which Plaintiff complains. If USBNA is found to be at fault concerning this litigation, then it will be entitled to partial indemnity on a comparative fault basis from Third-Party Defendants, and each of them, by virtue of Third-Party Defendants' acts of negligence and breach of primary duties of care concerning the matters of which Plaintiff complains.

## FOURTH CLAIM FOR RELIEF

**(Declaratory Relief Against All Third-Party Defendants)**

26. USBNA repeats and incorporates herein by reference, as though fully

set forth, Paragraphs 1 through 16 of its Third-Party Complaint.

27. A real controversy has arisen and now exists between USBNA and Third-Party Defendants, and each of them, regarding their respective liabilities and/or the percentage of responsibility they bear for the alleged injuries and damages, if any, sustained by Plaintiff. USBNA contends that if Plaintiff suffered or sustained any loss, injury or damage, the same was directly, legally and/or proximately caused and contributed to by the primary, active, sole and direct responsibility, conduct and negligence of Third-Party Defendants and each of them.

28. USBNA is informed and believes and thereon alleges that Third-Party Defendants, and each of them, are making or may make contentions which are contrary to those set out by USBNA in the preceding paragraph and by reason of the foregoing, USBNA requests this Court determine the actual proportion of fault, if any, of all parties to this litigation with respect to the occurrence from which this litigation arose and to make a declaration that USBNA is entitled to be indemnified and defended by Third-Party Defendants, and each of them.

**PRAYER FOR RELIEF**

WHEREFORE, USBNA prays for judgment as follows:

1. On the First Claim for Relief, if any judgment rendered against USBNA and for a declaration that if judgment be entered against USBNA in favor of Plaintiff, via his Complaint, or on any Cross-Claim or if USBNA should make any settlement to buy its peace, for a judgment indemnifying USBNA for the amount of settlement or judgment and further indemnifying USBNA for all sums expended in the defense of this matter and the prosecution of the Third-Party Complaint, including court costs, expenses of investigation and reasonable attorney's fees;

2. On the Second Claim for Relief, for a declaration that if judgment be entered against USBNA in favor of Plaintiff, via his Complaint, or on any Cross-

**THIRD-PARTY COMPLAINT BY U.S. BANK NATIONAL ASSOCIATION**

Claim or if USBNA should make any settlement to buy its peace, for a judgment indemnifying USBNA for the amount of settlement or judgment and further indemnifying USBNA for all sums expended in the defense of this matter and the prosecution of the Third-Party Complaint, including court costs, expenses of investigation and reasonable attorney's fees;

3. On the Third Claim for Relief, if judgment is entered against USBNA in favor of Plaintiff, via his Complaint, or on any Cross-Claim, for a judgment over and against Third-Party Defendants, and each of them, partially indemnifying USBNA on a comparative fault basis for the amount of said judgment obtained and further indemnifying USBNA for sums expended in the defense of this action and the prosecution of this Third-Party Complaint, including court costs, expenses of investigation and reasonable attorney's fees;

4. On the Fourth Claim for Relief, for a declaration of the rights, duties and obligations of each of the parties herein, and for a judgment accordingly;

5. For consequential damages according to proof;

6. For special damages according to proof;

7. For costs of suit incurred herein; and

8. For such other, further and different relief as the Court deems just and proper.

DATED: February 19, 2025        **TRACHTMAN & MOTU LLP**

By: ___/s/ Kevin L. Henderson___
Benjamin R. Trachtman
Kevin L. Henderson
19732 MacArthur Blvd., Suite 100
Irvine, CA  92612
Email:  kevin@trachtmanlaw.com
Telephone:  (949) 282-0100
Facsimile:   (949) 282-0111
Attorneys for Defendant U.S. BANK NATIONAL ASSOCIATION

**THIRD-PARTY COMPLAINT BY U.S. BANK NATIONAL ASSOCIATION**

# PROOF OF SERVICE
## FRCP 5

I, Leah Letenyei, the undersigned, am over the age of 18 years and not a party to this action. I am employed with the law firm of Trachtman & Motu LLP, whose address is 19732 MacArthur Boulevard, Suite 100, Irvine, CA 92612.

On February 19, 2025, I served the interested parties in this action with the following documents:

**THIRD-PARTY COMPLAINT BY U.S. BANK NATIONAL ASSOCIATION**

as follows:

| *[x]* **BY ELECTRONIC TRANSMISSION**: | cm@SoCalEAG.com<br>SoCalEAG@ecf.courtdrive.com<br>Jason J. Kim, Esq.<br>Jason Yoon, Esq.<br>Kevin Hong, Esq.<br>**Attorneys for Plaintiff** |
|---|---|
| I caused such document to be electronically transmitted via United States District Court, Central District of California, which is then printed and maintained with the original documents in our office. | |

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on February 19, 2025, at Irvine, California.

*/s/ Leah Letenyei*
Leah Letenyei, Declarant

**THIRD-PARTY COMPLAINT BY U.S. BANK NATIONAL ASSOCIATION**